# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:05mj245

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **KAREEM KERRY FAKHOURY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard and was heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, on April 10, 2006.  The purpose of the hearing in this matter was for the undersigned to consider the Presentence Investigation Report and to determine whether or not to accept a plea agreement entered into between the government and the defendant, pursuant to Rule 11(c)(1)(C), and if the undersigned did determine to accept the agreement, to then sentence the defendant, pursuant to Rule 32 of the Federal Rules of Criminal Procedure.   It appearing to the court at the call of this matter on for hearing that the defendant was present with his counsel, Ronald True, and that the government was present through Assistant United States Attorney, Richard Edwards, and from the arguments presented and the motions made, the undersigned makes the following findings:

**Findings**:   At the call of this matter on for hearing the court noted that objections had not been filed to the Modified Presentence Investigation Report.  The undersigned verified that the defendant and his attorney had read and discussed the presentence report.  The court further allowed the United States Attorney and the defendant's attorney to comment on the probation officer's determinations and other matters relating to an appropriate sentence.   After hearing from the

Assistant United States Attorney and the attorney for the defendant, the undersigned informed the parties that the court could not accept the plea agreement. The undersigned advised the defendant that, pursuant to the plea agreement, the court would allow the defendant an opportunity to withdraw his plea of guilty. The undersigned then allowed the defendant and his counsel and the Assistant United States Attorney a period of time in which they could consider the appropriate course of action.

After consultation with the Assistant United States Attorney, Mr. True, on behalf of the defendant, made an oral motion to:

1.     Allow the defendant to make an objection to the Presentence Investigation Report; and

2.     To continue the sentencing hearing of the defendant.

Mr. Edwards, on behalf of the government, advised that he had no objection to the defendant's motion.

**Discussion**. Rule 32(f)(1) of the Federal Rules of Criminal Procedure states as follows:

Within fourteen days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or admitted from the report.

The defendant did not object to the presentence report. However, Rule 32(i)(1)(D) provides that:

At sentencing, the court may, for good cause, allow party to make a new objection at any time before sentence is imposed.

In this matter, the government and the defendant had entered into a plea arrangement, pursuant to Rule 11(c)(1)(C), whereby the parties agreed that the defendant would receive a

probatory sentence rather than an active term of imprisonment. The Presentence Investigation Report showed that the United States Sentencing Guidelines recommended a guideline range of imprisonment of eighteen to twenty-four months but because the statutory maximum sentence of imprisonment is less than the minimum of the guideline range, the guideline term of imprisonment was twelve months. The undersigned found that there was thus a great disparity between the recommendation of the government and the defendant and the sentence as set forth under the United States Sentencing Guidelines. The sentencing guidelines are not mandatory but are to be considered by the court when sentencing and are relied upon by the undersigned to provide valuable advice in determining a fair sentence and in making a determination about whether to accept an 11(c)(1)(C) plea. Due to the disparity between the recommendations in this case the court examined the guidelines to see if there was language which could reduce the sentence by way of a downward departure. The undersigned, after close examination of the United States Sentencing Guidelines, could not find an applicable policy statement for a downward departure. Counsel for the defendant and counsel for the government requested that they be allowed additional time in which they could reconsider the issue and to see if there was a policy statement that could be recommended to the court that would allow a downward departure and which would then give a basis for the court to accept the plea in this case.

It appearing from such argument that good cause has been shown to allow, pursuant to Rule 32(i)(1)(D).

IT IS THEREFORE **ORDERED:**

1. That the defendant and the government will be allowed to make an objection to the Presentence Investigation Report. This objection must be made on or before May 9, 2006;

2.      That this matter is hereby continued until May 9, 2006 so that the undersigned can consider any objection that has been filed and whether or not, at that time, the court would be in a position to accept the Rule 11(c)(1)(C) plea made in this matter.

Signed: April 17, 2006

Dennis L. Howell
United States Magistrate Judge